NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEFFREY JENNINGS, | : | |
| Plaintiff, | : | Civil Action No. 11-02675 (JAP) |
| v. | : | **OPINION** |
| DAVID EXELROD, et al., | : | |
| Defendants. | : | |

PISANO, District Judge.

The initial complaint in this action was filed on May 4, 2011, by *pro se* plaintiff Jeffrey Jennings ("Plaintiff"). In an Order dated May 12, 2011, the Court dismissed Plaintiff's initial complaint without prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, granting leave for Plaintiff to file an amended complaint by June 12, 2011. Plaintiff filed an amended complaint on May 19, 2011. In an Order dated June 1, 2011, the Court dismissed Plaintiff's amended complaint with prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Presently before the Court are various filings made by Plaintiff.

First, Plaintiff submitted a filing on June 7, 2011, which the Court construes as a motion for reconsideration of the Court's Order dismissing Plaintiff's amended complaint with prejudice. [docket entry no. 8]. Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become

available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.' " *Carmichael v. Everson*, 2004 WL 1587894, *1 (D.N.J. 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F. Supp. 1216, 1220 (D.N.J. 1993); *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).  The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision."  *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision."  *Carteret Savings Bank, F.A. v. Shushan,* 721 F.Supp. 705, 709 (D.N.J. 1989).  The Court finds that Plaintiff has not met the high burden of establishing adequate grounds for reconsideration of the Court's dismissal of Plaintiff's amended complaint for failure to comply with Rule 8.  Plaintiff's amended complaint states that the President of the United States of America used part of Plaintiff's bill on "Banking Businesses and Job" for his "college plan."  Plaintiff claims that he sent a copy of his bill, along with his business card, to Rahm Emanuel and David Axelrod.  The amended complaint alleges that they used parts of his bill to save 68 billion dollars and appears to seek relief in the form of payment for the use of his bill.  Plaintiff claimed that his bill consisted of setting up office buildings in 4 corners of the state and one in the middle where people can come get applications for a loan along with a computer set up to a database in Washington D.C.  Plaintiff's amended complaint was dismissed pursuant to Rule 8 because the Court was unable to determine what cause of action Plaintiff asserts against the defendants and whether it has jurisdiction to hear this case.  In support of his motion for reconsideration, Plaintiff has not asserted that an intervening change in the controlling law has occurred or that evidence not previously available has become available.  Instead, Plaintiff simply expresses his disagreement with the Court's determination.  Because

Plaintiff has not met the high burden of establishing adequate grounds for reconsideration, the motion must be denied.

Plaintiff submitted a filing on June 13, 2011, requesting that the Court return his $350 filing fee because "this case never made it to court." [docket entry no. 9]. Local Civil Rule 54.3(a) makes clear that filing fees must be paid in advance of filing a lawsuit and makes no provision for the refund of such filing fees upon the dismissal of a complaint for failure to comply with Rule 8. L.Civ.R. 54.3(a). Therefore, the Court denies Plaintiff's request.

Finally, Plaintiff submitted a filing on June 16, 2011, objecting to this action having been allocated to the Trenton vicinage. [docket entry no. 10]. Instead, he argues that it should have been allocated to the Newark vicinage. In support, Plaintiff claims that he lives in New Brunswick and filed the action in Newark. Pursuant to New Jersey Local Civil Rules, in allocating a civil case to Camden, Newark or Trenton, the Clerk of the Court "shall consider the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose." L.Civ.R.40.1(a). Thus, the residence of the plaintiff is not a factor properly considered when determining the correct vicinage for a particular case.[1] Any objection to the allocation of a civil case "shall be made before the Chief Judge, on notice to opposing counsel and to the Judge to whom the case is assigned." L.Civ.R.40.1(d). A case may be reallocated to a different vicinage only when ordered by the Chief Judge. *Tri-State Hardware v. Hunt Constr. Group*, 2009 U.S. Dist. LEXIS 105600 (D.N.J. Nov. 12, 2009).

/s/ JOEL A. PISANO
United States District Judge

Dated: June 27, 2011

---

[1] The Court notes, however, that the Comment to Local Civil Rule 40.1(a) explains that New Brunswick is within the Trenton vicinage line. Therefore, even assuming that a plaintiff's residence is appropriately considered as a factor in determining the allocation of a particular case, this action would be properly allocated to Trenton.